IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-CR-00194-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DONALD TERREANCE PADEN,

       Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION TO VACATE THE PRETRIAL MOTIONS DEADLINES AND TRIAL DATE, AND EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL ACT**
_____

Donald Paden, by and through undersigned counsel, respectfully moves this Court for an Order vacating the pretrial motions deadline and trial date and excluding 120 days from the speedy trial time limitations. In support of this motion, Mr. Paden states as follows:

### I. PROCEDURAL BACKGROUND

1. On June 8, 2016, the government filed a one-count indictment based upon allegations that on or about March 24, 2015, Mr. Paden, a prohibited person, possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

2. At his September 9, 2016, arraignment, Mr. Paden entered a not guilty plea. The seventy-day speedy trial deadline is November 15, 2016. 21 days on that speedy trial clock have elapsed. The clock is now tolled by the filing of this motion. Trial has been set for November 7, 2016.

## II.  STANDARD FOR CONTINUANCES

3. 18 U.S.C. § 3161(h)(8) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(B)(ii) provides that a factor for the Court to consider in granting this delay is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  18 U.S.C. § 3161(h)(8)(B)(ii).

4. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

### III. Argument

5.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(8) and *West*. Accordingly, Mr. Paden requests that this Court continue the trial, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

**A.     This case satisfies the requirements of 18 U.S.C. § 3161(h)(8).**

6.     The government has been investigating this case for a year's time.

7.     Discovery provided by the government to date is minimal, approximately 320 pages and 6 video files. As it relates to the DNA analysis, the government only has provided a two page lab report dated April 15, 2016. However, counsel anticipates significant further DNA discovery to be provided and/or litigated. Counsel has spoken with government and requested the Denver Laboratory file and litigation packet related to the testing conducted in this case.

8.     Prior to trial in this matter, counsel must consult a DNA expert to review the case.[1] Counsel may need to conduct an independent DNA examination. That process is very time-consuming.

9.     In addition, DNA litigation can involve significant legal issues concerning discovery, Daubert, and FRE 702 issues. The defense will need to research these issues and, if appropriate, file motions.

10.     Because of the complex factual and legal issues involved, and considering both the volume and nature of discovery that eventually must be reviewed, the defense

---

[1] The DNA report provided indicates that a mixture of at least five profiles is present on the firearm tested in this case. These results will require consultation with an expert regarding mixtures, major and minor profiling, secondary transfer theories, and quantitation issues.

3

cannot be expected to prepare an adequate defense within the currently established time limits.

11. Without a continuance, undersigned counsel will not be able to adequately research pretrial legal issues and file any necessary pretrial motions.  Moreover, given the potential investigation involved, including the need to retain a DNA expert, failure to grant a continuance of the trial date would force Mr. Paden to go to trial before an adequate defense can be prepared.

12. As a result, failure to grant a continuance would result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(8)(B)(I), and deny counsel for Mr. Paden the reasonable time necessary for the effective preparation of this case taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(8)(B)(iv).

13. In contrast to the harm caused by maintaining the current time limits, granting a continuance will not harm the interests of the public and the defendant in a speedy trial.[2]  Mr. Paden requests a reasonable continuance to allow him to investigate the case and prepare a defense.[3]

14. Undersigned counsel has conferred with Assistant United States Attorney Caroline Friedman who does not oppose a continuance.  Consequently, the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial, and the Court should grant the requested continuance.

---

[2] Based upon a review of discovery, defense counsel believes that the most if not all of the government witnesses are law enforcement agents or laboratory analysts.
[3] Mr. Paden was consulted regarding the filing of this motion and agrees with the request.

**B.     The *West* factors support a continuance of the trial date.**

15.     The *West* factors likewise support a continuance of the trial date.  First, counsel for Mr. Paden has been diligent in pursuing Mr. Paden's defense.  Counsel has discussed the case with the government and reviewed all of the discovery provided to date and begun the legal research needed to file motions in this case.

16.     Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance.  Mr. Paden requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations.  Thus, by granting the continuance, this Court will satisfy the second *West* factor.

17.     Third, the inconvenience to the opposing party, the witnesses and the Court will be minimal.

18.     Finally, the need for the continuance is great.  Until all the necessary discovery has been received and reviewed, investigation has been completed, and the legal issues have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charge.  As set forth above, given the complex factual and legal issues involved in the case, Mr. Paden needs additional time to defend against the pending charge.

WHEREFORE, Mr. Paden respectfully requests that this Court issue an Order vacating the current dates and excluding 120 days from the speedy trial time limitations.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Natalie Stricklin
Natalie Stricklin
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie_stricklin@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on 10/03/2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Caroline Friedman, AUSA
Email: caroline.h.friedman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Donald Paden        (via Mail)
Reg. No. 33219-013
c/o FDC

                                          s/ Natalie Stricklin
                                          Natalie Stricklin
                                          Assistant Federal Public Defender
                                          633 17th Street, Suite 1000
                                          Denver, CO  80202
                                          Telephone:  (303) 294-7002
                                          FAX:  (303) 294-1192
                                          Natalie.stricklin@fd.org
                                          Attorney for Defendant