IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00194-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONALD PADEN,

        Defendant.

---

JOINT STATEMENT OF THE PARTIES REQUESTING ACCEPTANCE OF PLEA
PURSUANT TO RULE 11(c)(1)(C)

---

The defendant, Donald Paden, by and through undersigned counsel, Natalie Stricklin, and joined by the government through, Assistant United States Attorney Beth Gibson, hereby files this joint statement requesting that the Court accept the proposed plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).

*The Parties' Joint Request*

The terms of the proposed plea are as follows:

(1)    Mr. Paden will plead guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 922(g)(1).  Mr. Paden also agrees to a limited waiver of his appellate rights.

(2)    The government will recommend Mr. Paden receive full credit for acceptance of responsibility.

(3)    Pursuant to Rule 11(c)(1)(C) both parties will jointly recommend and request a sentence of 36 months and 3 years of supervised release.

The parties believe that a plea agreement pursuant to Rule 11(c)(1)(C) and resulting sentence of 36 months imprisonment is sufficient, but not greater than necessary, to serve the sentencing goals in 18 U.S.C. § 3553(a).  Specifically, the parties have focused on Mr. Paden's health and the significant sentencing impact of a conviction from 1997, when he was a juvenile.  The parties submit that a guideline sentence in this case would be greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).  Thus, the parties request the Court accept the tendered plea agreement.

Mr. Paden, at age 37, suffers from chronic kidney disease.  Simply stated, his kidneys are failing.  See Doc. 26 at ¶ 4.  He was diagnosed with chronic kidney disease in 2013.  Mr. Paden received treatment at Fresenius Kidney Center, including dialysis for approximately eight months.  Mr. Paden lived at a holistic retreat in California for a period of time in 2016.  Since his September 2016, arrest, Mr. Paden has pursued treatment at the Federal Detention Center.  He has been hospitalized twice during his incarceration.  Although as of April 12, 2017, the FDC found a facility to accept and treat the Mr. Paden, the start date for his treatment is not yet known.  See Doc. 26 at ¶ 4.  Mr. Paden believes that he will be placed on dialysis again.  Mr. Paden also suffers from high blood pressure.  He takes labetalol and hydralazine for high blood pressure and doxazosin and calcium acetate to treat his chronic kidney disease.

In January of 1997, Mr. Paden was convicted of Criminal Conspiracy to Commit Aggravated Robbery as a result of his conduct six months earlier, during the summer of 1996.  Mr. Paden was 17 years old.  State officials direct filed the case such that Mr.

2

Paden was convicted as an adult for conduct committed as a teen. He was sentenced to 6 years in prison.

As a result of that adult conviction, the United States Probation Office calculated Mr. Paden's base offense level as 26, rather than 22. Thus, advisory guideline range is 57-71 months rather than 37-46 months. When constructing the plea agreement in this case, the parties were aware that the 1997 adult conviction may impact the base offense level. The parties agreed that the increase from the offense that occurred nearly 20 years ago was greater than necessary. Thus, the parties agreed to a plea agreement entered pursuant to Rule 11(c)(1)(C) requesting a sentence in line with the guidelines calculated without the 20-year old conviction. The parties jointly request a sentence of 36 months, one month below the resulting 37-46 range. Both parties contend 36 months is the just sentence under 18 U.S.C. § 3553(a).

*Context from Defense Counsel Related to the Direct Filing of Juvenile Cases*[1]

Defense counsel notes that, following the Denver "summer of violence" in 1993, Colorado lawmakers passed legislation intended to address violent crime by juveniles. This legislation included passing a bill allowing for the direct file of juveniles aged 14-17 charged with a range of felony offenses into adult district court. This bill allowed for state prosecutors, at their discretion, to charge juveniles as adults. If convicted, those juveniles, suffered adult convictions and faced adult prison sentences. Mr. Paden's 1996 robbery case was one of the cases which prosecutors direct filed into adult district

---

[1] Tim Hoover, Hickenlooper signs 'direct file' into law that limits charging juveniles as adults, The Denver Post, April 20, 2012; Dan Frosch, Colorado Revisits Law that Gives Prosecutors Wide Power to Try Youths as Adults, The New York Times, March 26, 2012; March 8, 2012, Legislative Hearings Re: HB 12-1271, 67th General Assembly (2012).

3

court.  Therefore, even though Mr. Paden was only 17 years old, he has an adult conviction and was sentenced to serve prison time.

In 2012, nearly 20 years after the passage of the direct file bill, Colorado lawmakers revisited that law.  Opponents of the direct file bill argued that it gave the local District Attorney's Offices unchecked power over the prosecution of juveniles and that had been used too broadly over the years.  In 2012 the state legislation passed new legislation which heightened the age requirement to 16 and required, among other things, that a District Court judge approve the direct filing of a juvenile after holding a hearing on the matter.

Mr. Paden's 1996 offense, 1997 conviction, occurred at the height of the direct file bill – in the three years following the "summer of violence."  Prior to this offense, Mr. Paden had one juvenile adjudication for a low level felony and several misdemeanor, petty offense, and curfew violations.   There is no way to know if Mr. Paden would have been direct filed had the political climate been different at the time of his offense.  Regardless, the conviction has a significant impact on his advisory guideline range.  The parties took this into account when negotiating the plea agreement.

*Conclusion*

Based upon the above reasons, Mr. Paden requests that the Court accept the terms of the proposed plea agreement.  The government joins the request.  Both parties submit that a 36-month sentence of imprisonment accomplishes the sentencing goals of 18 U.S.C. § 3553(a).  A sentence in the advisory guideline range would be greater than necessary.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/Natalie G. Stricklin
        NATALIE G. STRICKLIN
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Natalie_Stricklin@fd.org
        Attorney for Defendant


### CERTIFICATE OF SERVICE

     I hereby certify that on May 5, 2017, I electronically filed the foregoing JOINT STATEMENT OF THE PARTIES REQUESTING ACCEPTANCE OF PLEA PURSUANT TO RULE 11(c)(1)(C) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    Beth Gibson, Assistant United States Attorney
    E-mail:  beth.gibson@usdoj.gov

. . . and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Donald Paden (via U.S. mail)
    Register No. 33219-013
    FDC - Englewood

        s/ Natalie G. Stricklin
        NATALIE G. STRICKLIN
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Natalie_Stricklin@fd.org
        Attorney for Defendant