UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16cr00194-CMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DONALD PADEN,**

**Defendant.**

_____

**REPORTER'S TRANSCRIPT
(Sentencing Hearing)**
_____

Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court, for the District of Colorado, commencing at 9:04 a.m. on the 25th day of May, 2017, Alfred A. Arraj United States Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
BETH N. GIBSON, U.S. Attorney's Office, 1801 California St., Suite 1600, Denver, CO 80202

**FOR THE DEFENDANT:**
NATALIE G. STRICKLIN, Federal Public Defender's Office, 633 17th St., Suite 1000, Denver, CO 80202

```
1                    MAY 25, 2017
2           (Proceedings commence at 9:04 a.m.)
3           THE COURT:  You may be seated.
4           Court calls Criminal Case No. 16-cr-00194-CMA,
5    encaptioned the United States v. Donald Paden.
6           Counsel, would you please enter your appearances.
7           MS. GIBSON:  Good morning, Your Honor, Beth Gibson
8    for the United States.
9           THE COURT:  Good morning.
10          MS. STRICKLIN:  Good morning, Your Honor, Natalie
11   Stricklin on behalf of Mr. Paden.  He appears with me, in
12   custody, seated at counsel's table.
13          THE COURT:  Good morning.
14          The record also shows that MariJo Paul is also in
15   attendance at this hearing.
16          PROBATION OFFICER:  Good morning, Your Honor.
17          THE COURT:  Ms. Stricklin, would you and Mr. Paden
18   please approach the podium.
19          The record shows that Mr. Paden was charged by
20   Indictment dated June 8, 2016, with one count relating to
21   felon in possession.
22          The record also shows that on February 22, 2017,
23   pursuant to an 11(c)(1)(C) plea agreement, he entered a
24   plea of guilty to and was convicted of Count 1, charging
25   violation of 18 United States Code Section 922(g)(1);
```

1  possession of a firearm by a previously-convicted felon.
2          We are here today for sentencing.  I have received
3  and reviewed the full presentence investigation report
4  dated April 13, 2017, as revised on May 15, 2017,
5  including all addenda thereto.
6          I also noted that there were no objections to the
7  presentence report filed by either the defendant or the
8  Government.
9          I have reviewed Document No. 27, the joint motion
10 for non-guideline sentence of 36 months.  I did not see a
11 motion for a 3-level decrease in offense level for
12 acceptance of responsibility.
13         MS. GIBSON:  Your Honor, would you accept that oral
14 motion now?
15         THE COURT:  I will accept it orally.
16         MS. GIBSON:  Thank you, Your Honor.
17         THE COURT:  All right.  Any documents I failed to
18 identify that I should have reviewed in preparation for
19 this hearing?
20         MS. GIBSON:  No, Your Honor.
21         MS. STRICKLIN:  No, Your Honor.
22         THE COURT:  Ms. Stricklin, have you had enough time
23 to review the presentence report with Mr. Paden?
24         MS. STRICKLIN:  I have.
25         THE COURT:  Did you explain the contents of the

1    report to him?

2           MS. STRICKLIN:  Yes.

3           THE COURT:  Do you have any concerns about his

4    ability to understand the contents of the report?

5           MS. STRICKLIN:  I do not.

6           THE COURT:  Mr. Paden, did you get a copy of the

7    presentence report?

8           THE DEFENDANT:  Yes, ma'am.

9           THE COURT:  Did you review it?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Did Ms. Stricklin explain its contents

12   to you?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand the contents of that

15   report?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  All right.  Ms. Stricklin, Ms. Gibson,

18   neither of you filed any objections to the factual

19   contents or to the guideline calculation in the

20   presentence report.  Do either of you wish to make any

21   objections at this time?

22          MS. GIBSON:  No, Your Honor.

23          MS. STRICKLIN:  No, Your Honor.

24          THE COURT:  The Government has not filed a motion

25   pursuant to 3E1.1(b) for a full 3-level decrease in

1    offense level for acceptance of responsibility.

2              Ms. Gibson, I will accept an oral motion at this

3    time.

4              MS. GIBSON:  Your Honor, the Government moves for

5    the third point.

6              THE COURT:  That oral motion by the Government is

7    granted.

8              This results in a total offense level in this case

9    of 23.  The defendant's Criminal History Category is a

10   III.  That results in advisory guideline range of 57 to 71

11   months of imprisonment, not more than 3 years of

12   supervised release, and a fine in the range of $10,000 to

13   $100,000.

14             As part of my protocol for determining whether the

15   advisory guideline range is a range that is sufficient,

16   but not greater than necessary, to achieve the objectives

17   of sentencing, I have reviewed the presentence report, I

18   have considered the sentencing guidelines, and the factors

19   sets forth at 18 United States Code Section 3553.

20             The parties have filed Document No. 27, the joint

21   motion for non-guideline sentence of 36 months.  In order

22   to satisfy the sentencing objectives set forth at 18

23   United States Code Section 3553(a), before me is a 37-year

24   old man, who is before this Court on his fourth felony

25   conviction.  Of his three prior felony convictions, one

1    was a juvenile conviction, and was for criminal trespass.

2              One of his two adult convictions was committed when
3    he was still a juvenile, which was conspiracy to commit
4    aggravated robbery, but he was charged and convicted as an
5    adult.  His third conviction was for possession of cocaine
6    base with attempt to distribute.  And both of his adult
7    convictions qualify as crimes of violence -- as a crime of
8    violence and a controlled substance offense, which
9    resulted in his base offense level being a 26, which is
10   higher than both the Government and the defendant
11   anticipated.

12             This offense involved him being in possession of a
13   firearm when he was a prohibited person.  That firearm was
14   loaded with a high-capacity magazine and with ammunition
15   that was capable of piercing body armor.  Nonetheless, the
16   parties recommend the Court accept the 11(c)(1)(C) plea
17   agreement, and sentence Mr. Paden to 36 months, based on
18   his health, and the fact that his conviction as an adult,
19   even though he was just a juvenile, results in a
20   significant sentencing enhancement.

21             The parties agree that the increase from the
22   offense that occurred nearly 20 years ago, when he was a
23   minor, results in a greater-than-necessary sentence.

24             In addition, Mr. Paden suffers from a chronic
25   kidney disease.  His kidneys are failing.  He has received

1   treatment, including dialysis, for approximately 8 months.
2   He lived in a holistic retreat in California for a period
3   of time in 2016.
4           Since his arrest in September of 2016, he has
5   pursued treatment at the Federal Detention Center.  He has
6   been hospitalized twice during his incarceration.  As of
7   April 12, 2017, the FDC found a facility to accept and
8   treat Mr. Paden, but the start date for his treatment is,
9   I guess, not yet known.  However, he does believe that he
10  will be placed on dialysis again.
11          He also suffers from high blood pressure and takes
12  medication to address the high blood pressure and
13  medication to treat his chronic kidney disease.
14          Based on my review of this case, and after
15  consideration of the 3553(a) factors, I am inclined to
16  grant the joint motion and accept the plea agreement and
17  impose a sentence of 36 months of imprisonment, 3 years of
18  supervised release, and no fine.
19          With that being said, Ms. Stricklin, I will hear
20  from you first.
21          MS. STRICKLIN:  Your Honor, unless the Court has
22  any specific questions, based upon the statement Your
23  Honor made, I do not have anything to add to the joint
24  motion.
25          THE COURT:  All right.  Ms. Gibson, anything from

Case No. 1:16-cr-00194-CMA   Document 33   filed 01/24/18   USDC Colorado   pg 8 of 14

8

```
1    the Government?
2            MS. GIBSON:  No, thank you, Your Honor.
3            THE COURT:  Mr. Paden, do you wish to make any
4    statement to me on your own behalf before I impose
5    sentence?
6            THE DEFENDANT:  I would just like to thank my
7    family for coming.  And nothing else.
8            THE COURT:  All right.  As a result of the United
9    States Supreme Court's rulings in United States v. Booker
10   and United States v. Fanfan, the United States Sentencing
11   Commission Guidelines have become advisory to this Court.
12   Although this Court is not bound to apply those
13   guidelines, it has consulted them and taken them into
14   account, along with the sentencing factors set forth at 18
15   United States Code Section 3553(a).
16           Neither the Government nor the defendant has filed
17   any objections to the presentence report, therefore, the
18   factual statements and guideline applications in the
19   report are adopted without objection as the Court's
20   findings of fact concerning sentencing.
21           The Court finds that the total offense level is 23.
22   The defendant's Criminal History Category is a III.  That
23   results in an advisory imprisonment range of 57 to 71
24   months, a fine range of $10,000 to $100,000, and a
25   supervised release range of not more than 3 years.
```

*DARLENE M. MARTINEZ, RMR, CRR*
*United States District Court*
*For the District of Colorado*

1        For the reasons previously stated, the Court grants
2   Document No. 27, the joint motion for non-guideline
3   sentence of 36 months, and accepts the Rule 11(c)(1)(C)
4   plea agreement.  And the Court will depart from the
5   advisory guideline range as set forth in the plea
6   agreement.
7        Pursuant to the Sentencing Reform Act after of
8   1984, it the Judgment of the Court that the defendant,
9   Donald Paden, is hereby committed to the custody of the
10  Bureau of Prisons to be imprisoned for a term of 36
11  months.
12       Upon release from imprisonment, the defendant shall
13  be placed on supervised release for a term of 3 years.
14       Within 72 hours of release from the custody of the
15  Bureau of Prisons, the defendant shall report in person to
16  the probation office in the district to which he is
17  released.
18       While on supervised release, he shall not commit
19  another federal, state, or local crime; shall not possess
20  a firearm, as defined in 18 United States Code Section
21  921; and he shall comply with the standard conditions that
22  have been adopted by this Court.
23       He shall not unlawfully possess a controlled
24  substance.  He shall refrain from any unlawful use of a
25  controlled substance.  He shall submit to one drug test

1      within 15 days of release on supervised release and two

2      periodic tests thereafter.

3              He shall cooperate in the collection of DNA as

4      directed by the probation officer.

5              He also must comply with the standard conditions

6      adopted by this Court in General Order 2016-1.

7              The Court also finds that the following special

8      conditions of supervision are reasonably related to the

9      factors set forth at 18 United States Code Section 3553(a)

10     and 3583(d).

11             Further, based on the nature and circumstances of

12     this offense and the history and characteristics of this

13     particular defendant, these conditions do not constitute a

14     greater deprivation of liberty than reasonably necessary

15     to accomplish the goals of sentencing.

16             First, the defendant shall participate in and

17     successfully complete a program of testing and/or

18     treatment for substance abuse as approved by the probation

19     officer, until such time as he is released from the

20     program by the probation officer.

21             He shall abstain from the use of alcohol or other

22     intoxicants during the course of treatment, and shall pay

23     the cost of treatment as directed by the probation

24     officer.

25             Second, he shall reside in a residential re-entry

1  center for 180 days, to commence upon his release from
2  custody.  He shall observe the rules of that facility.
3       Third, he shall submit his person, property, house,
4  residence, papers, computers, other electronic
5  communications or data storage devices or media or office
6  to a search conducted by a United States Probation
7  Officer.  Failure to submit to search may be grounds for
8  revocation of release.  The defendant shall warn any other
9  occupants that the premises may be subject to searches
10 pursuant to this condition.
11      An officer may conduct a search pursuant to this
12 condition only when reasonable suspicion exists that the
13 defendant has violated the conditions of his supervision
14 and that the areas to be searched contain evidence of this
15 violation.  Any search must be conducted at a reasonable
16 time and in a reasonable manner.
17      Fourth, the defendant shall not associate or have
18 contact with any gang members, and shall not participate
19 in gang activity, to include the displaying of gang
20 paraphernalia.
21      He shall pay an assessment of $100, which is
22 ordered due and payable immediately.  The Court finds that
23 the defendant does not have the ability to pay a fine, so
24 the Court will waive the fine in this case.
25      Now, Mr. Paden, I do want you to understand, and

1  your parents, I guess, who are here, that I do take my
2  task of sentencing very seriously.  Because, on the one
3  hand, I understand that I have your life in my hands.  And
4  I want to be fair to you.  But I also have an obligation
5  to the public and society to protect them from further
6  crimes, to promote respect for the laws of the United
7  States, to impose a just punishment, but one that is going
8  to deter you and others from committing similar criminal
9  conduct.
10        I do believe, however, in this case, based on your
11 personal characteristics, especially your health issues
12 and the fact that the conviction that resulted in the
13 higher guideline range was a crime that you committed when
14 you were only 17, while it was charged and you were
15 convicted as an adult, that is about 20 years old.
16        So I do believe that a sentence of 36 months of
17 imprisonment, with 3 years of supervised release, and the
18 special conditions that I imposed, does reflect the
19 seriousness of the offense, and is a sufficient, but not
20 greater than necessary, sentence to achieve the objectives
21 of sentencing.
22        Now, Mr. Paden although you have waived your
23 appellate rights under the circumstances that are outlined
24 in your plea agreement, to the extent that you desire to
25 file an appeal, a Notice of Appeal must be filed with the

1   Clerk of the Court within 14 days after entry of Judgment

2   or your right to appeal will be lost.

3           If you are not able to afford an attorney for an

4   appeal, one will be appointed to represent you.  And, if

5   you request, the Clerk of the Court must immediately

6   prepare and file a Notice of Appeal on your behalf.

7           Is there any other business to be brought to my

8   attention?

9           MS. GIBSON:  No, thank you, Your Honor.

10          MS. STRICKLIN:  Your Honor, Mr. Paden is wondering

11  if you are comfortable recommending that he be placed in

12  FCI Englewood, for continuity of his kidney treatment.

13          THE COURT:  I will definitely make that

14  recommendation.  It is only a recommendation, but the

15  Court recommends that the Bureau of Prisons attempt to

16  place him at FCI Englewood so he can continue to get the

17  medical treatment that he needs.

18          MS. STRICKLIN:  Thank you.

19          THE COURT:  All right.  Thank you very much to the

20  Deputy United States Marshals for your assistance.

21          Mr. Paden, best of luck to you.  I hope I don't

22  ever see you in my courtroom again.

23          I hereby remand you to the custody of the United

24  States Marshal for the District of Colorado.

25          Court will be in recess.

1        (Proceedings conclude at 9:17 a.m.)

2

3        **R E P O R T E R ' S   C E R T I F I C A T E**

4

5        I, Darlene M. Martinez, Official Certified

6   Shorthand Reporter for the United States District Court,

7   District of Colorado, do hereby certify that the foregoing

8   is a true and accurate transcript of the proceedings had

9   as taken stenographically by me at the time and place

10  aforementioned.

11

12       Dated this 24th day of January, 2018.

13

14       _____

15       s/Darlene M. Martinez

16       RMR, CRR

17

18

19

20

21

22

23

24

25