CO-PROB12D
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. Donald Paden                                                 DKT. NO. 1:16CR00194-1

### PETITION FOR SUMMONS AND MODIFICATION OF THE CONDITIONS OR TERM OF SUPERVISION

COMES NOW, Katrina M. Devine, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Donald Paden, who was placed on supervision by the Honorable Christine M. Arguello, sitting in the United States District Court in Denver, Colorado, on May 25, 2017. The defendant was sentenced to 36 months imprisonment and three years' supervised release for an offense of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Supervision commenced on April 5, 2019 and is set to expire on April 4, 2022. As noted in the judgment [Document 31 ], the Court ordered mandatory, special and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

### STATEMENT IN SUPPORT OF SUMMONS AND MODIFICATION:

At the onset of the term of supervised release, the defendant's former supervising officer, Dale Lake, provided the defendant with the opportunity to secure stable housing prior to enforcing his supervision condition, requiring placement in a Residential Reentry Center (RRC) for up to six months. Due to Officer Lake's inability to reliably contact the defendant via telephone and in the community, in addition to the defendant failing to obtain an approved residence, he resided in the RRC from May 22, 2019, to November 19, 2019. The defendant subsequently maintained residence with family in Denver, Colorado. Due to his physical health status, he collects Social Security Disability Income and is not required to work.

Between November 2019 and July 2020, Officer Lake successfully contacted the defendant at his residence unannounced on multiple occasions. In September 2020, supervision of the defendant's case transferred to Officer Paige Meador. When Officer Meador attempted outreach the defendant, she had difficulty contacting him on the numbers previously provided to the Probation office. Between September and December 2020, Officer Meador and/or her colleagues attempted to contact the defendant at his residence unannounced on at least six occasions. The only times officers were able to conduct home visits were if they contacted the defendant via telephone and met him at the residence at a scheduled time.

Case No. 1:16-cr-00194-CMA   Document 34   filed 10/08/21   USDC Colorado   pg 2 of 3

Donald Paden	Petition for Summons and Modification of the Conditions or Term of Supervision	October 8, 2021
16CR00194-1	2

On March 11, 2021, the defendant received a summons for Driving Under Restraint, Speeding, and Driver's License – Driving Without, in Denver County Court, Case Number 21T1114159.  The defendant failed to report this law enforcement contact as required by his standard conditions of supervised release.  On March 17, 2021, Officer Meador reviewed this requirement with the defendant.

Between April and May 2021, multiple officers with the Probation Office attempted to conduct unannounced home contacts with the defendant, on behalf of Officer Meador, and were unsuccessful on at least three additional occasions.  In addition, Officer Meador could often only contact the defendant via telephone by first contacting the defendant's girlfriend.  Further, on May 25, 2021, the defendant traveled to the District of Arizona without permission from Officer Meador.  Officer Meador learned of the out-of-state travel when the defendant was contacted by the Yavapai-Apache Nation Police Department when two females with whom he was traveling were cited for ingesting marijuana on federal land.

On June 1, 2021, the defendant reported to the Probation Office where his noncompliance was addressed.  Officer Meador expressed to the defendant why our inability to successfully conduct unannounced home contacts was problematic and further, she verbally admonished him for traveling outside the District of Colorado without permission.  The defendant made statements in minimization of his noncompliance, stating it was not a big deal.

In June 2021 and again in July 2021, additional unsuccessful unannounced home contacts were attempted.  On July 19, 2021, I met with the defendant at the Probation Office and attempted to schedule a home contact for the following week.  I provided the defendant with two dates and directed him to inform which date he may be available.  The defendant failed to follow through with the directive and no home visit was accomplished.  It is also noted the defendant is a known member of the Bloods street gang and reported to the Probation Office wearing primarily red and black attire.  Officer Meador addressed this violation of his supervised release conditions with him.

In August 2021, the defendant was directed to remain home until myself and another officer could meet him at his residence to verify his reported address.  Officer Meaghan Mills and I attempted to contact the defendant on the agreed upon date, and he was not present as directed.

On August 25, 2021, Supervisory Officer Garret Pfalmer and I met with the defendant to discuss the ongoing noncompliance.  The defendant was also presented with a waiver of hearing to add a condition, requiring participation in the location monitoring program.  The defendant was encouraged to discuss the waiver with his attorney and inform us of his intention to either agree to the condition or request a hearing before your Honor but failed to do so.  In September 2021, I attempted two more unsuccessful visits at his residence.

On October 1, 2021, I conducted a scheduled home visit with the defendant. During the contact, the defendant was reluctant to disclose who else was present in the home and he presented as defensive. When asked about his demeanor, the defendant stated, "I don't like to deal with you people." He did show us his bedroom, which did not appear to be lived in as there were clothes strewn about, minimal furniture, and no sheets on the bed. The attached bathroom did not appear to be used regularly. In addition, an unidentified male was unconscious in a recliner outside the defendant's reported bedroom with a liquor bottle on his lap. We terminated the visit, and I directed the defendant to report to the Probation Office on October 5, 2021. During the office appointment, the defendant again reported to the Probation Office wearing primarily red and black attire. Supervisory Officer Garret Pfalmer and I conducted a three-way staffing, at which time we presented the defendant with a waiver of hearing to add a condition, requiring placement in the RRC for up to three months. The defendant does not agree to the proposed modification and requested a hearing before Your Honor.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a summons for the defendant to appear at a compliance review hearing as he has not agreed to a waiver of hearing, and that the Court consider modifying the conditions of supervision as follows:

> You must reside in a residential reentry center (RRC) for a period of up to 3 months, to commence upon the first available vacancy at an RRC and must observe the rules of that facility. An early discharge from the RRC may be authorized by the probation officer in consideration of the availability of a suitable residence, your ability to pay for a residence, and your compliance with the conditions of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Katrina Devine*  
Katrina M. Devine  
Senior United States Probation Officer  
Place:   Denver  
Date:    October 8, 2021

*s/ Garret Pfalmer*  
Garret C. Pfalmer  
Supervisory United States Probation Officer  
Place:   Denver  
Date:    October 8, 2021